IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILANA SMOOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-899-GPM |
| | ) |
| TRAVIS D. MONTGOMERY, | ) |
| TIMOTHY BIRCKHEAD, and | ) |
| CITY OF FAIRVIEW HEIGHTS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Philana Smoot, proceeding *pro se*, brings this action for deprivations of her constitutional rights pursuant to 42 U.S.C. § 1983, regarding her May 10, 2011 arrest.

Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915 (Doc. 4). Section 1915(e)(2) "directs district courts to screen all complaints accompanied by an IFP request for failure to state a claim, among other things." *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1018 (7th Cir. 2013). A request to proceed IFP must be denied if (1) the allegation of poverty is untrue; (2) the action is frivolous; (3) the action fails to state a claim; or (4) the action seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. Conversely, a

complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under Section 1915(e)(2) to summarily dismiss this action.

### The Complaint

On May 10, 2011, Plaintiff Philana Smoot and her fiancé were renting a room in the French Village Motel. Documents attached to the complaint suggest that the owner of the motel may have asked Plaintiff to leave; when she did not, the police were called (*see* Doc. 1-2, p. 1). Defendant Fairview Heights police officers Travis D. Montgomery and Timothy Birckhead approached Ms. Smoot, pepper spayed her and physically restrained her—placing their hands and knees on her head, ears, shoulders and eyes. Plaintiff was injured; according to emergency room records, she had blunt head trauma and multiple contusions (*see* Doc. 1-3, p. 1). Plaintiff further alleges that she continues to suffer from hearing loss. Plaintiff describes Officers Montgomery and Birckhead as having acted sadistically with the intent to cause injury and pain without justification.

The Fourth Amendment, applicable to the States by way of the Fourteenth Amendment, *Contreras v. City of Chicago,* 119 F.3d 1286, 1290 (7th Cir.1997), provides that "[t]he right of le the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated ...." U.S. Const. amend. IV.  Relative to an arrest situation such as this, the Fourth Amendment requires that the degree of force used be reasonable.  *Stainback v. Dixon,* 569 F.3d 767, 772 (7th Cir. 2009). Thus, Plaintiff has stated a colorable Fourth Amendment claim.

Although a constitutional claim has been stated, a plaintiff can still plead herself out of court on such a basis of what is usually an affirmative defense, such as a statute of limitations. *Jones v. Bock*, 549 U.S. 199, 211-212, 215 (2007); *see also Kalinowski v. Bond*, 358 F.3d 978, 978 (7th Cir. 2004).  Plaintiff Smoot has done just that.

The applicable statute of limitations for a Section 1983 false arrest/excessive force claim arising in Illinois is two years. 735 ILCS 5/13-202 (2009). *See alsoBrooks v. City of Chicago*, 564 F.3d 830, 832 (7th Cir. 2009).  Plaintiff's arrest occurred on May 10, 2011, and she filed suit on August 28, 2013, beyond the two-year window within which file suit under Section 1983.  Thus, this action was filed too late to secure relief.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (Doc. 4) is **DENIED** and this action is **DISMISSED with prejudice**. Judgment shall enter accordingly.

**IT IS SO ORDERED.**

DATED:  September 30, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
UNITED STATES DISTRICT JUDGE